IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONARD ELDRIDGE

   *Plaintiff*,

   *v.*

BALTIMORE COUNTY,
MARYLAND
*et al.*,

   *Defendants*.

Civil Action No. ELH-25-3627

**MEMORANDUM**

On June 7, 2025, through counsel, plaintiff Leonard Eldridge filed suit in the Circuit Court for Baltimore County against two correctional officers, Hansel Simpson and Elischa Bryant, as well as Baltimore County, Maryland (the "County"), defendants. He alleges, *inter alia*, that Simpson and Bryant facilitated two attacks against Eldridge by providing members of a gang with access to him during his time as a pretrial detainee at the Baltimore County Detention Center. *See* ECF 2 ("Complaint").

The Complaint contains eight counts. In Count I, lodged against all defendants, plaintiff asserts violations of Articles 16, 24, 25, and 26 of the Maryland Declaration of Rights. ECF 2, ¶¶ 81–106. Count II, asserted against the County, alleges negligent hiring, retention, training, and supervision. *Id.* ¶¶ 107–116. Count III, lodged against all defendants, asserts a claim for negligence and gross negligence. *Id.* ¶¶ 117–125. In Count IV, plaintiff asserts a claim for battery against all defendants. *Id.* ¶¶ 126–130. Count V names the County and asserts a claim for indemnification and seeks a declaratory judgment pursuant to State and federal law. *Id.* ¶¶ 131–145. Count VI, asserted against all defendants, is brought pursuant to 42 U.S.C. § 1983; plaintiff alleges that defendants failed to take reasonable measures to prevent the attacks of other

inmates and inadequately responded to those attacks, in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution. *Id.* ¶¶ 146–154. In Count VII, filed against all defendants, pursuant to 42 U.S.C. § 1983, plaintiff asserts that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment. *Id.* ¶¶ 155–164. Count VIII names all defendants and alleges, pursuant to 42 U.S.C. § 1983, that plaintiff was subjected to summary punishment and excessive force, in violation of the Fourth and Fourteenth Amendments. *Id.* ¶¶ 165–177.

Simpson and Bryant removed the case to this Court on November 5, 2025, based on federal question jurisdiction. ECF 1 (Notice of Removal) (citing 28 U.S.C. §§ 1331, 1441(a); 42 U.S.C. § 1983). Then, on November 12, 2025, defendants moved to dismiss the Complaint. ECF 7 ("Motion to Dismiss"). Plaintiff opposes the Motion to Dismiss. ECF 9. Defendants did not reply. *See* Docket.

On December 2, 2025, plaintiff moved to remand the case to State court. *See* ECF 10 ("Remand Motion"). In the Remand Motion, Eldridge contends that Simpson and Bryant were served on August 8, 2025, and therefore the removal on November 5, 2025, was untimely, pursuant to 28 U.S.C. § 1446(b). *Id.* at 2. Plaintiff asked the Court, in the alternative, to permit him to conduct discovery before ruling on the Remand Motion. *Id.* at 4. Defendants opposed the Remand Motion. ECF 13. Plaintiff replied. ECF 18.

In a Memorandum Opinion dated April 15, 2026, the Court granted the request of Eldridge to conduct limited discovery with regard to his Remand Motion. *See* ECF 19 (Memorandum Opinion); ECF 20 ("Order"). In the Order, the Court said: "Discovery shall be limited to issues pertaining to service of process on defendants Simpson and Bryant, as discussed in the Memorandum Opinion, and information pertinent to their actual notice of the suit." ECF 20 at 1.

On June 1, 2026, plaintiff moved to compel the deposition of a representative from the office of defense counsel.  ECF 21 ("Motion to Compel").  Plaintiff maintains that "the alleged delay of over two months as the papers sat in the County Office of Law remains unexplained." *Id.* at 4.  He also represents that he has "attempted to get answers from all other available witnesses and through document discovery", but his efforts have been unsuccessful.  *Id.*

Therefore, on May 26, 2026, plaintiff's counsel emailed defense counsel requesting "'deposition dates for a designee from the office of law to testify as to what happened with the documents when they were received in the office of law on August 11, when they were first disclosed to the individual defendants, went [sic] they were not disclosed earlier and the reason for the delay.'"  *Id.* (quoting ECF 21-5 at 1).  But, "[t]hrough a series of emails and a telephone conference, defense counsel refused to provide a deponent."  ECF 21 at 4.  Plaintiff claims that, "[i]n an effort to avoid a deposition and, further, to avoid having to seek relief from the Court, the Plaintiff offered a compromise" in the form of written questions to defense counsel regarding the delay.  *Id.* at 5.  But, "[d]efense counsel refused this compromise" and declined to answer plaintiff's questions, contending that the request for the deposition was untimely and that plaintiff's written questions were not relevant.  *Id.*

In sum, according to Eldridge, "[g]iven the discovery to date and the refusal of defense counsel to answer questions voluntarily, providing the Court with a complete picture in the forthcoming renewed remand motion necessitates the deposition at issue." *Id.* at 7.[1]

In general, a response in opposition to a motion shall be filed within fourteen days of service of the motion.  Local Rule 105.2.a.  More than fourteen days have passed since the Motion

---

[1] On June 12, 2026, Eldridge filed a Supplement to the Remand Motion.  *See* ECF 22. Defendants' opposition to plaintiff's Supplement to the Remand Motion is due by June 26, 2026.

to Compel was filed.  But, as of this date, defendants have not responded to the Motion to Compel.  *See* Docket.  Therefore, it appears to the Court that defendants do not oppose the Motion to Compel.  Moreover, the defendants' alleged refusal to engage in the requested discovery, if accurate, flies in the face of this Court's Order (ECF 20).  Indeed, the requested deposition is consistent with the Court's decision to permit limited discovery, as set forth in ECF 19 and ECF 20, incorporated herein.

Therefore, I shall grant the Motion to Compel.  An Order follows.

Date: June 23, 2026

_____/s/_____
Ellen L. Hollander
United States District Judge